## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID DUMOND, et al., | : | PRISONER CASE NO. |
| Plaintiff, | : | 3:17-cv-1213 (JCH) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM MULLIGAN, et al., | : | NOVEMBER 2, 2017 |
| Defendants. | : | |
| | : | |

### INITIAL REVIEW ORDER AND ORDER OF DISMISSAL

I.   **INTRODUCTION**

The plaintiffs, David Dumond ("Dumond") and Mike Crandell ("Crandell"), currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, have filed a Complaint (Doc. No. 1) pro se under section 1983 of title 42 of the United States Code.  Both defendants sought leave to proceed in forma pauperis (Docs. No. 2, 3).

On July 21, 2017, the court granted Dumond's application.  (Doc. No. 9).  The application submitted by Crandell was deficient.  The court notified Crandell of the deficiencies (Doc. No. 10), cautioning him that if he failed to submit required documentation by August 15, 2017, his claims would be dismissed.  Crandell has not corrected the identified deficiencies or sought an extension of time within which to do so.  On September 5, 2017, the court ordered Crandell to show cause why his motion should not be denied and his claims dismissed.  Crandell did not respond to the Order.  Accordingly, Crandell's application to proceed in forma pauperis (Doc. No. 3) is denied

and all claims asserted by Crandell are dismissed.  This case will proceed only as to the claims asserted by Dumond.

The Complaint names five defendants Warden William Mulligan, Counselor Supervisor Fargo, Counselor Schaffer, Correctional Officer Skully, and Maintenance Supervisor Street.[1]  Dumond contends that he has been subjected to unconstitutional conditions of confinement.

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. In reviewing a pro se complaint, the court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[ ]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the Complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555–56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  Sykes v. Bank of

---

[1] Dumond lists a sixth defendant, Correctional Officer Thompson, in the body of the Complaint. Federal Rule of Civil Procedure 10(a) requires that all parties be named in the caption of the complaint. Because Correctional Officer Thompson is not included in the caption, he is not a defendant in this case.

Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

## II.   ALLEGATIONS

The following allegations relate to the claims asserted by Dumond.  On May 12, 2017, there were a limited number of working showers in N-pod, the housing unit to which Dumond is assigned.  As a result, there were long wait times for showers.  On May 12, 2017, Dumond attempted to use the showers located on the top tier of N-pod. Correctional Officer Thompson told Dumond that the top tier showers were reserved for tiermen, and he could not use them.  Correctional Officer Thompson would not listen to Dumond's reasons for trying to use the showers and threatened to issue Dumond a disciplinary report if he did not leave the top tier. Dumond was denied permission to use the top tier showers on other days also.  On some days, he was unable to take a shower and had to wash himself in the cell sink.

On June 29, 2017, the toilet in Dumond's cell became inoperable.  He was unable to flush the toilet for 38 hours.  At 9:30 a.m., Dumond reported the problem to defendant Skully who documented the problem in the log book.  At 8:45 a.m. the following day, Dumond reported the problem to defendants Skully and Fargo.  Both defendants told Dumond that a call had been placed to the maintenance staff.  Another notation was made in the log book.

## III.   ANALYSIS

Dumond asserts claims for unconstitutional conditions of confinement, denial of

equal protection of the laws and violation of prison directives.

To state a claim that he was subjected to unconstitutional conditions of confinement, Dumond must allege fact showing that the defendants failed to provide for his "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety." DeShaney v. Winnebago Dep't of Soc. Servs., 489 U.S. 189, 200 (1989). He must show both that the defendants' transgression was sufficiently serious and that they acted with deliberate indifference to his health or safety. Phelps v. Kapanolas, 308 F.3d 180, 185 (2d Cir. 2001) (citations omitted). A condition is sufficiently serious if it "pose[s] an unreasonable risk of serious damage to [a prisoner's] future health." Id. (quoting Helling v. McKinney, 509 U.S. 25, 32 (1993)). However, a condition that is not "cruel and unusual" but merely "restrictive and even harsh," does not violated the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Such conditions "are part of the penalty that criminal offenders pay for their offenses against society." Id.

District courts within the Second Circuit have held that the denial of showers for a few days does not violate the Eighth Amendment. Riddick v. Arnone, No. 3:11cv631(SRU), 2012 WL 2716355, at *5 (D. Conn. July 9, 2012) (denial of showers and hygiene products for ten days not constitutional violation); see also Williams v. Artus, No. 13-CV-00680A(F), 2016 WL 3919726, at *4 (W.D.N.Y. May 31, 2016) (citing cases); Brooks v. New York City DOC Comm'r, No. 14-CV-6283(RRM)(CLP), 2016 WL 4530456, at *5 (E.D.N.Y. Aug. 29, 2016) (citing cases finding denial of showers during lockdown periods were not constitutional violations, including for up to 28 days); Ford v. Phillips, No. 05 Civ. 6646(NRB), 2007 WL 946703, at *9 (S.D.N.Y. Mar. 27, 2007)

4

(minor and temporary deprivations of property, showers, and recreation do not violate the Eighth Amendment").   Other circuits concur.  <u>See</u>, <u>e.g.</u>, <u>Barndt v. Wenerowicz</u>, ___ F. App'x ___, 2017 WL 2628877, at *3 (3d Cir. June 17, 2017) (district court correctly determined that denial of showers for limited time, here 28 days, does not rise to level of constitutional violation); <u>Shakka v. Smith</u>, 71 F.3d 162, 168 (4th Cir. 1995) (denial of showers for 3 days not Eighth Amendment violation; inmate had other ways to clean himself).

Dumond alleges that he was denied a shower on one specific date and generally alleges a few other occasions.  He notes, however, that he was able to wash himself in the sink in his cell.  These allegations do not plausibly state an Eighth Amendment violation. Dumond's allegation that there are long wait times to shower because some of the showers are inoperable also does not support a cognizable claim.  Having to wait before he can shower does not deprive Dumond of any basis human needs.

Dumond also characterizes the lack of sufficient working showers as an equal protection claim. To state an equal protection claim, Dumond must allege facts showing that he was treated differently from similarly situated individuals and that the reason for the different treatment was based on "'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'"  <u>Diesel v. Town of Lewisboro</u>, 232 F.3d 92, 103 (2d Cir. 2000) (quoting <u>LeClair v. Saunders</u>, 627 F.2d 606, 609–10 (2d Cir. 1980)). Dumond alleges that the upper level shower was reserved for tiermen.  Although Dumond may have had to wait to take a shower when other inmates did not, the reason

5

was not based on any impermissible consideration.  In addition, Dumond alleges no facts suggesting that he was similarly situated with a tierman or that the distinction drawn between tiermen and other inmates was based on an impermissible consideration.

Dumond also could assert an equal protection claim based on a "class of one" theory.  To state a valid claim, Dumond must allege first that he was intentionally treated differently from others who are similarly situated.  Second, he must allege facts showing that there is no rational basis for the difference in treatment.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  He must allege an "extremely high" level of similarity with the person to whom he is comparing himself; their circumstances must be "prima facie identical."  Neilson v. D'Angelis, 409 F.3d 100 (2d Cir. 2005), overruled in part on other grounds by Appel v. Spiridon, 531 F.3d 138, 139 (2d Cir. 2008).  Dumond identifies no non-tiermen inmates in housing units with some inoperable showers who were treated differently.  Nor does he plausibly allege that no rational person could view the differences between him and a tierman as justifying differential treatment based on a legitimate government policy.  See id. at 105.  Thus, he fails to state a class of one equal protection claim.

Dumond also alleges that the toilet in his cell could not be flushed for 38 hours, causing him to eat and sleep in close proximity to human waste.  This allegation will support an Eighth Amendment claim if the condition poses a substantial risk to Dumond's health.  See Phelps, 308 F.3d at 185.

In <u>Ortiz v. Department of Corr. of City of New York</u>, 2011 WL 2638137 (S.D.N.Y. Apr. 29, 2011), the court considered a claim where the plaintiff was confined in a cell where the toilet overflowed on three occasions within a ten-day period and contaminated the cell with bodily waste.  <u>Id.</u> at *1.  The court summarized the applicable law and noted that exposure to waste for a limited period, generally less than 24 hours, does not rise to the level of an Eighth Amendment violation, but that exposure for a substantial period of time is actionable.  <u>Id.</u> at *6–8.  In <u>LaReau v. MacDougall</u>, 473 F.2d 974, 977–79 (2d Cir. 1972), the Second Circuit considered the claim of an inmate who was confined for five days in a cell containing only a grate-covered hole for a toilet that could not be flushed from inside the cell.  The court stated:  "Causing a man to live, eat and perhaps sleep in close confines with his own human waste is too debasing and degrading to be permitted.  The indecent conditions that existed in this . . . cell seriously threatened the physical and mental soundness of its unfortunate occupant."  <u>Id.</u> at 978.

The 36 hours at issue here are more than "intermittent or limited to a matter of hours."  <u>Ortiz</u>, 2011 WL 2638137 at *7; <u>see also</u> <u>Gaston v. Coughlin</u>, 249 F.3d 156, 166 (2d Cir. 2001) (reversing grant of summary judgment for defendants where plaintiff alleged that the area directly outside his cell was allowed to remain filled with sewage and excrement for several days).  Dumond alleges that he informed defendant Skully the first day, and defendants Skully and Fargo the second day.  They told Dumond that a call had been placed to the maintenance staff.  While the toilet was inoperable, defendants Skully and Fargo did not transfer Dumond to a cell with a working toilet and did not permit him to use the bathroom in the common area.  In light of the length of

time that the toilet was inoperable, the court concludes that Dumond states a plausible conditions of confinement claim against defendants Skully and Fargo.

Dumond contends that the defendants failed to comply with prison directives relating to employee conduct.  Any claim that the defendants failed to correctly apply prison directives is a state law claim not cognizable under section 1983.  See Harris v. Taylor, 441 F. App'x 774, 775 (2d Cir. 2011) (failure to comply with a prison directive, without more, does not state a claim cognizable under section 1983); see also Fofana v. Bellamy, 2017 WL 4338971, at *2 (N.D.N.Y. Sept. 29, 2017) (dismissing claim for violation of prison regulation for failure to state a cognizable claim).  Any claims for failure to comply with prison directives are dismissed.

Dumond includes no allegations against Maintenance Supervisor Street.  The court assumes that Dumond seeks to hold him liable for not repairing the toilet sooner. Absent any specific allegations against defendant Street, the court concludes that any actions by defendant Street would be, at most, negligence, which is not cognizable under section 1983.  See Davidson v. Cannon, 474 U.S. 344, 347–48 (1986) (negligence by prison officials insufficient to establish liability under section 1983); Poe v. Leonard, 282 F.3d 123, 145 (2d Cir. 2001) (negligence insufficient to support claim against supervisor).  Any claim against defendant Street is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Dumond also includes no allegations against Warden Mulligan or Counselor Schaffer.  To state a cognizable claim, Dumond must allege facts showing the personal involvement of a defendant in the alleged constitutional violation.  See Farrell v. Burke,

8

449 F.3d 470, 484 (2d Cir. 2006).  Dumond makes no reference to defendant Schaffer in his Complaint.  Thus, he fails to state a cognizable claim against defendant Schaffer.

Warden Mulligan is a supervisory official. To state a claim for supervisory liability, Dumond must demonstrate one or more of the following criteria: (1) the defendant actually and directly participated in the alleged action, (2) the defendant failed to remedy a wrong after being informed of the wrong though a report or appeal, (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or permitted such a policy or custom to continue, (4) the defendant was grossly negligent in their supervision of the officers who committed the constitutional violation, or (5) the defendant failed to act in response to information that unconstitutional acts were occurring.  See Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir. 2003).  Dumond also must demonstrate a causal connection between the actions of the supervisory official and his injuries.  See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

Dumond alleges no facts suggesting that defendant Mulligan was aware of the incident with the toilet in his cell at any time or that the other defendants were acting pursuant to any policy created or sanctioned by Warden Mulligan.  The court concludes that the allegations do not set forth a plausible claim for supervisory liability, and the claim against defendant Mulligan is therefore dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## IV.    MOTION FOR APPOINTMENT OF COUNSEL

Dumond has filed a Motion seeking appointment of pro bono counsel in this action.  The Second Circuit repeatedly has cautioned the district courts against the

routine appointment of counsel.  <u>See, e.g.</u>, <u>Ferrelli v. River Manor Health Care Center</u>, 323 F.3d 196, 204 (2d Cir. 2003); <u>Hendricks v. Coughlin</u>, 114 F.3d 390, 393 (2d Cir. 1997).  The Second Circuit also has made clear that, before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. <u>Saviano v. Local 32B-32J</u>, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 173 (2d Cir. 1989)).  Dumond states that he has made no efforts to obtain representation or legal assistance on his own.  Thus, appointment of counsel is not warranted at this time.

Dumond's Motion for Appointment of Counsel is denied without prejudice. Dumond is directed to attempt to secure pro bono representation or legal assistance on his own.  Any refiled Motion for Appointment of Counsel shall address why the assistance available from Inmates' Legal Aid Program, the entity under contract with the Department of Correction to provide legal assistance to Connecticut inmates, is insufficient at this stage of litigation.

**ORDERS**

Crandell's Motion to Proceed in forma pauperis (**Doc. No. 3**) is **DENIED**.  The Clerk is directed to terminate Crandell as a plaintiff in this case.  In addition, Crandell's Motion for Appointment of Counsel (**Doc. No. 5**) is **DENIED** as moot.

The claims relating to the delay in showering and for violating prison directives and all claims against defendants Street, Mulligan and Schaffer are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The case will proceed on Dumond's claims for

unconstitutional conditions of confinement as a result of the inoperable toilet against defendants Skully and Fargo.

(1)     **The Clerk shall** verify the current work addresses for defendants Skully and Fargo with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packets containing the Complaint, and this Order to those defendants within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service on him in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Clerk shall** send Dumond and Crandell a copy of this Order.

(3)     The defendants shall file their response to the Amended Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(4)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(5)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

11

(6)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7)     If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(8)     Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.

(9)     Dumond's Motion for Appointment of Counsel [**Doc. No. 4**] is **DENIED** without prejudice.

        **SO ORDERED.**

Dated this 2nd day of November 2017 at New Haven, Connecticut.

                                 /s/ Janet C. Hall
                                Janet C. Hall
                                United States District Judge